United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD OSHER TRUST DTD, 3/8/88, *et al.*, | No. C 09-1437 SI |
| | Related Case: C 08-4575 SI |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| CITY OF ALAMEDA, CALIFORNIA, *et al.*, | |
| Defendant. | |

On July 10, 2009, the Court heard oral argument on defendant's motion to dismiss plaintiff's complaint. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss with leave to amend.

**BACKGROUND**

This case arises out of the City of Alameda's 2004 sale of $33 million in municipal revenue bond anticipation notes. The notes were issued to finance the construction of the City of Alameda's cable TV and internet system. The sale was underwritten by Stone and Youngberg, who sold the notes to plaintiff, among other purchasers.[1]

On April 1, 2009, plaintiff filed a complaint alleging seven claims for relief. Plaintiff's third claim for relief alleges securities fraud under the California Corporate Securities Law of 1968, namely

---

[1] A detailed description of the factual background can be found in the Court's May 20, 2009 Order in *City of Alameda v. Nuveen Municipal High Income Opportunity Fund* (Case No. C 08-4575-SI), a related case arising out of the same notes sale.

violations of §§ 25400, 25401, 25500, 25501, and 25504.1 of the California Corporation Code.

Defendant the City of Alameda (the "City") has moved to dismiss plaintiff's third claim for relief. In its opposition papers, plaintiff agreed (in light of certain of the Court's ruling in the *Nuveen* matter) to omit its 25501 claim from its amended complaint, and to amend its complaint with respect to its 25500 claim to allege price manipulation. To this extent, defendant's motion is GRANTED with leave to amend.

The parties' primary dispute centers on whether, as defendant argues, the City is immune from securities fraud claims under state law. This question will be discussed below.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," *id.*, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 1965. A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

---

[2] Defendant City did not make the immunity argument in the *Nuveen* action, and counterclaims under the California Corporate Securities Law of 1968 are proceeding against the City in that action.

2

quotation marks omitted).

## DISCUSSION

Plaintiff's third claim for relief is based on allegations that the City violated various provisions of the California Corporate Securities Law of 1968[3] prohibiting fraud and misrepresentation in the offer and sale of securities. Defendant moves to dismiss on the basis that public agencies are immune from such suits. Defendant finds such immunity in § 815 of the California Tort Claims Act of 1963, which prohibits statutory actions against public agencies unless the Act specifically permits the action; and in § 818.8 of the Tort Claims Act, which provides public entities with absolute immunity against claims for fraud or misrepresentation by their employees. Plaintiff counters that the California Corporate Securities Law expressly imposes liability for misrepresentation on public entities, since by its terms liability may be imposed on any "person" who engages in prohibited conduct and since "persons" are specifically defined to include "a government or a political subdivision of a government." Defendants reply that the California Supreme Court rejected plaintiff's reasoning in *Caldwell v. Montoya*, 10 Cal. 4th 972 (1995), and that even if it had not, the absolute immunity from liability for misrepresentation provided by § 818.8 cannot be overcome by other statutory provisions.

The question whether a public entity is immune from suit for its own fraud and misrepresentation in the offer and sale of securities, in violation of the California Corporate Securities Law, is evidently one of first impression.

**1.    California Corporate Securities Law of 1968**

Under the California Corporate Securities Law of 1968, "any person who willfully participates in any act or transaction" which violates the statute "shall be liable to any other person" for the damages sustained by the latter. Cal. Corp. Code § 25500. A "person" is defined as "an individual, a corporation, a partnership, a limited liability company, a joint venture, an association, a joint stock company, a trust, an unincorporated organization, a government, or a political subdivision of a

---

[3] The Corporate Securities Law of 1968 is found in the California Corporation Code, §§ 25500 *et seq.*

3

1  government." Cal. Corp. Code § 25013. According to the draftsmen's commentary, this definition is
2  based on federal securities legislation, specifically § 401(i) of the Uniform Securities Act of 1956, which
3  defines a person in virtually identical language,[4] and the definition was intended to apply to each section
4  of the statute. See Harold Marsh, Jr. *et al.*, *Practice Under the California Corporate Securities Law of*
5  *1968*, Appendix A, § 25013 (1969); California Continuing Education of the Bar, *California Corporate*
6  *Securities Law and Rules*, § 25013 (1968); California Continuing Education of the Bar, *Review of*
7  *Selected 1968 Code Legislation*, § 25013 (1968).

8  Part Five of the Securities Law addresses "Fraudulent and Prohibited Practices." Section 25400
9  prohibits "unlawful acts or misrepresentations to induce purchase or sale of securities or to manipulate
10 price," and § 25401 prohibits the "sale or purchase of securities by means of written or oral
11 communications containing false statements or omissions."

### 2. California Government Code § 815

California Government Code § 815, which addresses liability for injuries generally, states in subdivision (a) that, except as otherwise provided by statute, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Subdivision (b) states that, except as otherwise provided by statute, "[t]he liability of a public entity established by this part. . . is subject to any immunity of the public entity provided by the statute. . ." California Government Code § 815.2, which addresses liability for injury by a public employee and the employee's immunity, states in subdivision (a) that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee . . ." Subdivision (b) states that "except as otherwise provided by statute, a public entity is

---

[4] Section 401(i) of the Uniform Securities Act of 1956 defines a person as "an individual, or corporation, a partnership, an association, a joint-stock company, a trust where the interests of the beneficiaries are evidenced by a security, an unincorporated organization, a government, or a political subdivision of a government." The most recent version of the statute, the Uniform Securities Act of 2002, defines a person, in § 102(20), as "an individual; corporation; business trust; estate; trust; partnership; limited liability company; association; joint venture; government; governmental subdivision, agency, or instrumentality; public corporation; or any other legal or commercial entity."

not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

"Sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." *Harshbarger v. City of Colton*, 197 Cal. App. 3d 1335, 1339 (1988) (quoting *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 409 (1984)). In general, immunity provisions of the Tort Claims Act prevail over sections that impose liability. *See Arroyo v. State of California*, 34 Cal. App. 4th 755, 761 (1955).

In *Gates v. Superior Court*, 32 Cal. App. 4th 481, 510-13 (1995), the California Court of Appeal considered whether public entities were immune from suit for violation of the Unruh Act (Civil Code § 51 *et seq.*). It found that nothing in the legislative history of the Unruh Act showed any intent to override the immunity from the payment of money damages provided to public entities by § 845 of the Tort Claims Act. In *Trinkle v. California State Lottery*, 71 Cal. App. 4th 1198, 1202-03 (1999), the California Court of Appeal held that § 815 rendered the state immune from liability under the Unfair Competition Act (Business and Professions Code § 17200 *et seq.*) because there was no section imposing liability on public entities thereunder. The court reasoned that "only through an unreasonable, strained construction can the state be deemed to fall within any of the statute's definitional categories." *Trinkle*, 71 Cal. App. 4th at 1203.

The California Supreme Court has also held that § 820.2[5] of the Tort Claims Act affords discretionary act immunity to individual school board members against claims brought under the California Fair Employment and Housing Act (FEHA), which includes in its definition of "employer"

///

---

[5] California Government Code § 820.2 states that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the discretion vested in him, whether or not such discretion be abused."

5

1 "the state or any political or civil subdivision thereof."[6]  *Caldwell*, 10 Cal. 4th at 978.  The court
2 reasoned that because a specific grant of immunity prevails, it "cannot be abrogated by a statute which
3 simply imposes a general legal duty or liability." *Id.* at 986.  To overcome such a specific grant of
4 immunity for discretionary acts there must be a "clear indication of legislative intent that statutory
5 *immunity* is *withheld or withdrawn* in the particular case." *Id.* (emphasis in original).  The court
6 emphasized, however, that its holding affected only individual employee immunity under § 820.2, and
7 did not necessarily extend immunity against FEHA claims to the employer/school district, a question
8 which the Court specifically declined to address.[7]  The California Supreme Court has applied *Caldwell*
9 to afford the State Department of Health Services discretionary act immunity from a general statutory
10 liability where the defendant agency allegedly breached a discretionary duty. *Creason v. State Dep't*
11 *of Health Servs.*, 18 Cal. 4th 623, 635 (1998).  The California Court of Appeal has also applied *Caldwell*
12 to afford a county agency discretionary act immunity from a general statutory liability where the agency
13 allegedly fail to perform a discretionary act. *Ortega v. Sacramento County Dep't of Health and Human*
14 *Servs.*, 161 Cal. App. 4th 713, 733 (2008).

15 This case differs from those where California courts have held public entities immune from
16 statutorily imposed liability.  The California Corporate Securities Act, which specifically includes public
17 agencies within its ambit,  was passed five years after the governmental immunity statutes.
18 *Harshbarger* involved no such statute, relying instead on common law fraud and negligence.  Unlike
19 the situation in *Trinkle*, the Corporate Securities Act explicitly includes public entities in its coverage;
20 the Unfair Competition Act did not do so.  Whereas in *Gates* nothing in the legislative history of the

---

22 [6] California Government Code § 12926(d).  Upon amendment in 1999, "thereof" was replaced
23 with "of the state."

24 [7] *Caldwell,* 10 Cal. 4th at 989, n.9: "However, FEHA creates *direct* statutory rights, obligations, and remedies between a covered 'employer,' private or public, and those persons it considers or hires for employment. (§§ 12926, subd. (d), 12940, subds (a), (c)-(k), 12941, 12942, 12945, 12945.2,
25 12945.5, 12946, 12947.5, 12950, 12965.)  FEHA thus provides a basis of direct entity liability independent of the derivative liabilities addressed in § 815.2. Accordingly, any personal immunity of
26 a public employee against a particular FEHA claim does not necessarily accrue to the benefit of the public entity itself as a covered 'employer.' (See *Bradford*, *supra*, 36 Cal.App.3d at p. 20; also cf.
27 *Ramos v. County of Madera*, *supra*, 4 Cal.3d 685, 695.)"  The Court concluded that public entity immunity was not before it in that case.
28

6

Unruh Act showed any intent to override the immunity provided by § 845, here the inclusion of government entities in the statute suggests that the legislature intended that the law apply to government entities, and thus to overcome the governmental immunity rule established five years prior in 1963. And plaintiffs seek to hold the public entity itself liable for its actions in connection with its sale of securities, not individual employees of the public entity as was the case in *Caldwell*.

This case also differs from *Creason* and *Ortega*, where government entities were held immune from liability for alleged failure to perform discretionary acts, because here the City has acted, and has done so as a party in a securities transaction, rather than in a discretionary fashion. By including government entities in its definition of person, the Corporate Securities Law treats these entities as it does all other parties engaged in such transactions: by imposing upon them liability for fraudulent and prohibited conduct.

**3.     California Government Code § 818.8**

California Government Code § 818.8 states that "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." The Legislative Committee Comments to § 818.8 state that "[t]his section provides public entities with an absolute immunity from liability for negligent or intentional misrepresentation." Cal. Law Revision Com., Comment, Deering's Ann. Gov. Code § 818.8 (1982 ed.) (cited in *Harshbarger*, 197 Cal. App. 3d at 1340); *see also Masters v. San Bernadino County Employees Ret. Ass'n*, 32 Cal. App. 4th 30, 43 (1995) (holding that publicly entities are "wholly immune" for fraud and negligent misrepresentation by their employees). The Senate Committee on Judiciary Comment to § 818.8 provides the following example of the Section's applicability: "This section will provide . . . a public entity with protection against possible tort liability where it is claimed that an employee negligently misrepresented that the public entity would waive the terms of a construction contract requiring approval before changes were made." Sen. Jour. p. 1889 (April 24, 1963) (cited in *Johnson v. State*, 69 Cal. 2d 782, 800 (1968) (explaining that § 818.8 was designed to exempt government entities from liability for "interferences with financial or commercial interest," and basing its reasoning on *United States v. Neustadt*, 366 U.S. 696, 697, 711 (1961), where the United States Supreme Court

held the government immune under a federal statute similar to § 818.8 from liability for an alleged misrepresentation in an inspection and appraisal report provided to property buyers by the Federal Housing Administration.)).

Analogizing to *Neustadt* and *Johnson*, the California Court of Appeal has held the City of Hermosa Beach immune from liability for alleged financial interference resulting from a mistaken description of local zoning laws in a report prepared by one of its employees even though the Tort Claims Act imposed liability on public entities for such conduct. *See Grenell v. City of Hermosa Beach*, 103 Cal. App. 3d 864, 868, 874-75 (1980). The California Court of Appeal has also held the City of Montebello immune from liability for an alleged misrepresentation when one of its police officers orally promised compensation to a police informant, *see Page v. City of Montebello*, 112 Cal. App. 3d 658, 661, 671-72 (1980), and has held Los Angeles County immune from general liability imposed by § 815.2 when one of its employees mistakenly instructed local farmers to spray their crops with a pesticide whose use was actually prohibited, *see Tokeshi v. State of California*, 217 Cal. App. 3d 999, 1002-03 (1990).

The application of § 818.8 to the Corporate Securities Law, however, is a novel question, for which California case law provides no established answer. The only case either party has found on this issue is an unpublished Los Angeles County Superior Court case which defendant discusses in its reply.[8] Moreover, the issue has not been thoroughly briefed by either party, and defendant has not previously raised its immunity argument against identical claims in the related *Nuveen* matter.

This case differs from those where California courts have applied § 818.8 to render government entities immune from alleged misrepresentation by their employees. Here, the alleged misrepresentation involved prospectuses issued with the City's imprimatur in the sale of $33 million in municipal revenue bond anticipation notes. Such a transaction differs substantially from the issuance of inspection and

---

[8] According to a 1998 Practicing Law Institute Bulletin (1098 PLI/Corp. 915-919), in *BNY Western Trust v. City of Los Angeles* (LASC Case No. BC 161090) the Superior Court sustained the City's demurrer to securities fraud claims under § 25500 of the Corporate Securities Law based on the immunity provided by § 818.8. Defendant states that its has been unable to obtain the briefs or order from the Superior Court file. In addition to the Bulletin, defendant attached docket entries from the California Court of Appeal, which denied the plaintiff's writ petition, and from the California Supreme Court, which denied review.

8

residential building reports and oral promises and instructions. Whereas government entities have been held immune from liability for the "financial interference" arising from such alleged misrepresentations, the securities fraud alleged here was not a "financial interference" but rather the City's own plan and design. In each of the cases where government entities were held immune, they were held immune for misrepresentations made by individual employees acting contrary to the government entities' official policies. Although defendant is correct in arguing that the City cannot act without its employees also acting, here the alleged misrepresentation was not the result of a single employee acting contrary to official policy, but rather resulted from the implementation of official City policy. Moreover, as discussed above, the statute governing such transactions and applying liability to government entities engaged therein was enacted five years after the immunity rule was established. Since government entities can only act through their employees, the language in the Corporate Securities Law imposing liability on government entities would be rendered nugatory if the immunity applied.

Under all these circumstances, the Court is not persuaded at this time that the immunity from liability for employee misrepresentation provided by § 818.8 of the Tort Claims Act of 1963 overrides the liability for misrepresentation imposed on government entities by the Corporate Securities Law of 1968, and therefore DENIES defendant's motion on the grounds of immunity under California law.[9]

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss plaintiff's third claim for relief with leave to amend. (Docket No. 10). Plaintiff shall file an amended complaint no later than **August 21, 2009**.

**IT IS SO ORDERED.**

Dated: August 11 , 2009

SUSAN ILLSTON
United States District Judge

---

[9] In the event that defendant is able to make a further showing on this issue at a future date, it may renew its argument at that time.

9