1  WULFSBERG REESE COLVIG & FIRSTMAN
   PROFESSIONAL CORPORATION
2  Eric J. Firstman – 111534
   Gregory R. Aker – 104171
3  Michael J. Higgins – 151549
   Richard E. Elder – 205389
4  300 Lakeside Drive, 24th Floor
   Oakland, CA 94612-3524
5  Telephone: (510) 835-9100
   Facsimile: (510) 451-2170
6
7  Attorneys for Defendants
   CITY OF ALAMEDA, and its
   Department, ALAMEDA POWER & TELECOM
8
9  OFFICE OF THE CITY ATTORNEY
   CITY OF ALAMEDA
10 Teresa L. Highsmith – 155262
   2263 Santa Clara Avenue, Room 280
11 Alameda, California 94501
   Telephone: (510) 747-4750
12 Facsimile: (510) 747-4767
13 Attorneys for Defendants
   ALAMEDA PUBLIC FINANCING AUTHORITY, and
14 ALAMEDA PUBLIC IMPROVEMENT CORPORATION
15
16          **UNITED STATES DISTRICT COURT**
17         **NORTHERN DISTRICT OF CALIFORNIA**
              **SAN FRANCISCO DIVISION**
18

| 19  IN RE NUVEEN FUNDS/CITY OF | Case Numbers |
|---|---|
| 20  ALAMEDA SECURITIES LITIGATION | C 08-04575 SI |
|  | C 09-01437 SI |
| 21  BERNARD OSHER TRUST DTD 3/8/88 | **JOINT CASE MANAGEMENT** |
| 22  BERNARD A. OSHER, TRUSTEE | **CONFERENCE STATEMENT** |
| 23          Plaintiff, | Date:        April 2, 2010 |
|  | Time:        3:00 p.m. |
| 24  vs. | Courtroom:   10 |
|  | Judge:       Honorable Susan Illston |
| 25  CITY OF ALAMEDA CALIFORNIA, *et al.*, |  |
| 26          Defendants. |  |

27
28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1

## ADDITIONAL COUNSEL

2

**Harvey I. Saferstein (SBN 49850)**

3 **Nada I. Shamonki (SBN 205359)**
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.

4 Century Plaza Towers
2029 Century Park East, Suite 1370

5 Los Angeles, CA 90067
Telephone: (310) 586-3200

6 Fax: (310) 586-3202

7

**Michael P. Cillo, Esq.**

8 **Melissa J. Hessler, Esq.**
DAVIS & CERIANI, P.C.

9 1350 17th Street, Suite 400
Denver, CO 80202

10 Telephone: (303) 534-9000
Fax: (303) 534-4618

11

12 Attorneys for Counterclaim Plaintiffs
NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND, *et al.*

13

14 **Robert C. Friese – 52392**
**Jahan P. Raissi – 168599**

15 **Kajsa M. Minor – 251222**
SHARTSIS FRIESE LLP

16 One Maritime Plaza, 18th Floor
San Francisco, CA 94111

17 Telephone: (415) 421-6500
Fax: (415) 521-2922

18

19 Attorneys for Counterclaim Defendant
STONE & YOUNGBERG, LLC

20

21 **Robert A. Goodin – 061302**
**Francine T. Radford – 168269**

22 GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
505 Sansome, Street, Suite 900

23 San Francisco, CA 94111
Telephone: (415) 392-7900

24 Facsimile: (415) 398-4321

25 Attorneys for Plaintiff
BERNARD OSHER TRUST

26

27

28

Pursuant to Northern District Local Rule 16-10(d), the parties submit the following Joint Case Management Statement, in connection with the further Case Management Conference scheduled in this matter for April 2, 2010, at 3:00 p.m. This Joint Case Management Statement is submitted on behalf of all parties in both the *Nuveen* action and the related *Osher* action.

**1.     Jurisdiction and Service**

No party intends to challenge the Court's federal question (28 U.S.C. § 1331) and supplemental 20 U.S.C. § 1367) subject matter jurisdiction at this time. No parties remain to be served.

**2.     Facts**

This case arises out of the City's 2004 sale of $33 million in revenue bond anticipation notes (the "Notes"), issued in part to finance completion of the City's cable TV and internet system (the "Telecom System"). The sale was underwritten by Stone & Youngberg ("S&Y"), who sold the Notes to, among other purchasers, Bernard Osher Trust DTD 3/8/88 ("Osher") and Nuveen. Osher and Nuveen are referred to collectively herein as the "Purchaser Parties."

**3.     Legal Issues**

**Legal Issues Presented by the Purchaser Parties:**

(a)     Whether the City and S&Y violated Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder;

(b)     Whether the City violated Section 20(a) of the Securities Exchange Act of 1934;

(c)     Whether the City and S&Y violated Sections 25400, 25500 and 25504.1 of the California Corporations Code;

(d)     Whether the City and S&Y violated the Illinois Securities Act with respect to Nuveen;

(e)     Whether S&Y violated Sections 25401 and 25501 of the California Corporations Code;

(f)     Whether S&Y committed common law fraud;

(g)     Whether S&Y aided and abetted in the commission of common law fraud;

(h)     Whether S&Y made negligent misrepresentations; and

(i)     The appropriate legal measure of rescissionary or out-of-pocket damages.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 1 -

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

**Legal issues Presented by the City and Stone & Youngberg:**

(a) Are the Purchaser Parties' claims barred by the "bespeaks caution" doctrine articulated in *Worlds of Wonder Securities Litigation* (9th Cir. 1994) 35 F.3d 1407 and *In re Syntex Corporation Securities Litigation* (9th Cir. 1996) 95 F.3d 922, when a prospectus contains comprehensive and specific disclosures discussing the precise risks that the claimants alleged caused their damages?

(b) Under *Lipton v. Pathogenesis Corporation* (9th Cir. 2002) 284 F.3d 1027, have the Purchaser Parties alleged with particularity specific facts showing that the City had actual knowledge that the Telecom System was not economically feasible at the time the notes were issues?

(c) Does public disclosure of facts repeatedly discussed in open public meetings and in the public records of those meetings, or that were common knowledge in the relevant industry, foreclose the Purchaser Parties' federal securities law claims based on the alleged nondisclosure of such facts, under *Rubke v. Capital Bancrop* (9th Cir. 2009) 551 F.3d 1156 and *Berry v. Valence Tech., Inc.* (9th Cir. 1999) 175 f.3d 699?

(d) Are the Purchaser Parties' claims barred by the statute of limitations, and were the Purchaser Parties on inquiry notice of facts allegedly omitted form the Official Statement, under *Betz v. Trainer Wortham & Co.* (9th Cir. 2008) 519 F.3d 863, when those same facts were published on the defendant's website and readily available to the public through discussions at open public meetings and public records?

(e) When a California municipal utility sells securities to a San Francisco underwriter, is there sufficient nexus with Illinois to support a claim by Nuveen under the Illinois Securities Act?

(f) Are the state law claims brought by the Purchaser Parties barred by California Government Code section 818.8?

4.   **Motions**

On August 11, 2009, the Court granted in part and denied in part the City's motion to

dismiss the Osher state law securities fraud claims, based, *inter alia*, upon the immunity provisions

of Government Code §§ 815 and 818.8 applicable to public agencies.

On March 12, 2009, the Court granted Nuveen's Motion to Realign the Parties.  Nuveen

and the City disagree as to the exact form of a revised caption reflecting the Court's ruling, and are

discussing a Stipulation and Order to be submitted to the Court for signature at or before the

Conference on April 2.

Following initial disclosures and discovery, the City and S&Y anticipate filing summary

judgment motions, challenging the Purchaser Parties' allegations that the statements in the

Offering Statement were false or misleading, that any omissions were material, that the Purchaser

- 2 -

1  Parties reasonably relied on any alleged misstatements or omissions, that any mistakes or

2  omissions caused the Purchaser Parties' damages, the City and S&Y possessed the requisite mental

3  state, and on statute of limitations and other grounds. Dispositive motions will also challenge the

4  sufficiency of the Purchaser Parties' allegations and purported evidence supporting their state and

5  common law claims.

6       The Purchaser Parties also anticipate filing summary judgment motions with respect to the

7  City and S&Y's claims and defenses.

8      **5.**    **Amendment of Pleadings**

9       In response to the Court's August 11 order, discussed above, Osher filed its First Amended

10  Complaint on August 18, 2009, omitting its claims under Corporations Code §§ 25401, 25501, and

11  25504.1, and amending its claim under §25500. The City answered Osher's First Amended

12  Complaint on September 4, 2009.

13  **6.**    **Evidence Preservation**

14       The parties are in nearing the completion of document discovery and have been continuing

15  to discuss the form in which electronically-stored information should be produced. See discussion

16  re discovery, below.

17  **7.**    **Disclosures**

18       The parties to the Nuveen Action completed their initial disclosures under FRCP 26(a) on

19  July 10, 2009. The parties to the Osher Action completed their initial disclosures on September

20  11, 2009. Nuveen supplemented its initial disclosures on July 31, October 2, 2009 and December

21  12, 2009.

22  **8.**    **Discovery**

23

24       The parties have recently completed their production of documents and have exchanged

25  privilege logs. The parties are meeting and conferring regarding various issues with respect to the

26  privilege logs.

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1       The parties have agreed that, due to the complexity of the case, the limit on interrogatories

2  should be increased from 25 to 50 per party.  The parties have propounded multiple sets of written

3  discovery, including interrogatories, requests for production, and admission requests.

4       The City took the deposition under Rule 30-b-6 of Nuveen's person most knowledgeable

5  regarding documents and document-related issues on Janury 19, 2010.  In response to the City's

6  letter motion for a further document deposition, the Court ordered that the City may take a

7  deposition limited to electronic documents other than email, limited to two hours in length, by

8  telephone or in person in Chicago.   The City and Nuveen are meeting and conferring on the

9  logistics of completing this deposition.

10       The parties have agreed to a preliminary deposition plan that calls for an initial round of

11  depositions, focused on key witnesses, in preparation for the next settlement conference.

12  Depositions have been delayed, due to trial in the *Vectren* matter, which concluded in early March.

13  Given the extended delay in scheduling depositions in *Nuveen/Osher*, the parties propose that the

14  deposition timetable be adjusted, as set forth below.  The parties have exchanged lists of key

15  witnesses they each wish to depose.  Fact witness depositions commenced on March 23, and are

16  scheduled to continue throughout April and May, 2010.  Depositions of a few additional key

17  witnesses have yet to be scheduled.  Thus, the first round of depositions may not be complete until

18  June.

19       The parties have been unable to agree to an increase in the limit on the number of

20  depositions but will continue to discuss the possibility of increasing the limit.  Each party reserves

21  its right to apply to the Court for an increase on the number of depositions, should initial

22  disclosures, written discovery or production of documents justify such relief.  The parties are also

23  discussing a stipulation under F.R.C.P. 30(d)(1) to extend the length of some depositions.

24       In accordance with the parties' stipulation, the Court has entered a protective order in the

25  *Nuveen* and *Osher* actions, applicable to confidential, proprietary or private information.

26

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 4 -

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

The Court has ordered that the following three cases are related:

*Vectren Communication Services v. City of Alameda*, CV 08-3137 SI, filed June 18, 2008; *City of Alameda v. Nuveen Municipal High Income Opportunity Fund*, CV-04575 SI, filed October 1, 2008; *Bernard Osher Trust, et al. v. City of Alameda, et al.*, C 08-1437 SI, filed April 1, 2009.

At the last case management conference on August 14, 2009, the Court ordered the *Nuveen* and *Osher* actions consolidated for purposes of discovery only.

**11.    Relief**

The City seeks declaratory relief against Nuveen.  The Purchaser Parties seek rescission, or, in the alternative out-of-pocket damages, or any other recessionary and/or other measure of out-of-pocket damages which the Court deems appropriate.

**12.    Settlement and ADR**

The parties participated in a settlement conference on October 28, 2009, before Magistrate Judge Spero.  No settlement was reached, though the parties discussed a preliminary deposition plan, as discussed above.  A further settlement conference was scheduled for March 16, 2010, but was vacated due to the *Vectren* trial and the delay in commencing depositions in *Nuveen/Osher*.

**13.    Consent to Magistrate Judge For All Purposes**

The parties do not believe this case is suitable for trial before a Magistrate Judge.

**14.    Other References**

The parties do not believe this case is suitable for reference to arbitration or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

None at this time.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 5 -

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

**16.** <u>**Expedited Schedule**</u>

None a this time.

**17.** <u>**Scheduling**</u>

At the CMC on June 11, 2009, the Court ordered the following pretrial schedule in the *Nuveen* and *Osher* actions:

Non-expert discovery cutoff:  April 2, 2010

Designation of experts:  April 30, 2010

Rebuttal expert disclosure:  May 14, 2010

Expert discovery cutoff:  June 18, 2010

Dispositive motions filed:  July 2, 2010

Oppositions to dispositive motions:  July 16, 2010

Reply briefs re dispositive motions:  July 23, 2010

Hearing on dispositive motions:  August 6, 2010, 9:00 AM

Pretrial Conference:  September 7, 2010 at 3:30 PM

Jury trial:  September 20, 2010, at 8:30 AM

Because of the extended deposition delays caused by the *Vectren* trial, the parties agree that it is appropriate to extend the existing pretrial and trial schedule by approximately four months. The parties propose the following revised pretrial schedule:

Non-expert discovery cutoff:  September 3, 2010

Designation of experts:  September 24, 2010

Rebuttal expert disclosure:  October 15, 2010

Expert discovery cutoff:  November 12, 2010

Dispositive motions filed:  December 3, 2010

Oppositions to dispositive motions:  December 17, 2010

Reply briefs re dispositive motions:  December 23, 2010

Hearing on dispositive motions:  January 7, 2011, 9:00 AM

Pretrial conference:  February 2011

- 6 -

1     Jury trial:  February 2011

2  **18.     Trial**

3        The *Nuveen* action and the *Osher* action both include demands for jury trials.  The length of

4  the trial in either action will depend in large part on the contours of the case following dispositive

5  motions.  If the entire complaint and counterclaim are at issue at the commencement of trial, the

6  City and S&Y anticipate a trial of four to six weeks in length, and the Purchaser Parties anticipate

7  a trial of two to three weeks in length.

8        The parties believe that discovery may demonstrate that certain facts or issues are

9  appropriate for stipulation.  The parties intend to meet and confer before trial to arrive at a list of

10  such stipulated facts and, depending on the outcome of such discussions, believe that this may

11  reduce the length of trial.

12  **19.     Disclosure of Non-party Interested Entities or Persons**

13        Each party has filed the "Certification of Interested Entities or Persons" required by

14  Civil LR 3-16.  There are no other persons, firms, partnerships, corporations or other entities

15  known by the parties to have either a financial interest in the subject matter in controversy or in a

16  party to the proceeding; or any other kind of interest that could be substantially affected by the

17  outcome of the proceeding.

18  DATED:  March 26, 2010          WULFSBERG REESE COLVIG & FIRSTMAN

19                                  PROFESSIONAL CORPORATION

20

21                                  By   /s/ Gregory R. Aker
                                         GREGORY R. AKER

22

23                                  Attorneys for Plaintiffs
                                    CITY OF ALAMEDA, *et al.*

24  DATED:  March 26, 2010          ALAMEDA PUBLIC FINANCING AUTHORITY, *et al.*

25

26                                  By   /s/ Teresa L. Highsmith
                                         TERESA L. HIGHSMITH

27

28                                  Attorneys for Plaintiffs
                                    ALAMEDA PUBLIC FINANCING AUTHORITY, *et al.*

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 7 -

1  DATED:  March 26, 2010          DAVIS & CERIANI, P.C.

2

3                                  By   /s/ Michael P. Cillo

4                                       MICHAEL P. CILLO

5                                  Attorneys for Counterclaim Plaintiffs

6                                  NUVEEN MUNICIPAL HIGH INCOME
                                   OPPORTUNITY FUND, *et al.*
7

8  DATED:  March 26, 2010          MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                   POPEO, P.C.
9

10                                 By   /s/ Harvey I. Saferstein

11                                      HARVEY I. SAFERSTEIN

12

13 DATED:  March 26, 2010          SHARTSIS FRIESE LLP

14

15                                 By   /s/ Robert C. Friese

                                        ROBERT C. FRIESE
16
                                   Attorneys for Counterclaim Defendants
17                                 STONE & YOUNGBERG

18

19 DATED:  March 26, 2010          GOODIN, MACBRIDE, SQUERI, DAY &

20                                 LAMPREY, LLP

21

22                                 By   /s/ Robert A. Goodin

                                        ROBERT A. GOODIN
23
                                   Attorneys for Plaintiff
24                                 BERNARD OSHER TRUST
                                   DTD 3/8/88, BERNARD A. OSHER, TRUSTEE.
25

26

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 8 -