IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD OSHER TRUST DTD 3/8/88, BERNARD A. OSHER, TRUSTEE,

    Plaintiff,

v.

CITY OF ALAMEDA, *et al.*,

    Defendants.

No. C 09-1437 SI; Related Case No. C 08-4575 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

On August 23, 2011, plaintiff filed a motion for leave to file a motion for reconsideration of this Court's May 16, 2011 Order Re: Summary Judgment Motions. Plaintiff wishes to seek reconsideration of the Court's ruling that plaintiff failed to comply with the claims presentment requirement contained in California's Government Claims Act. Plaintiff asserts that "[i]n ruling on the summary judgment motion, the Court did not have before it a document signed by Osher on October 31, 2008, and by the City on November 6, 2008 – months prior to the filing of Osher's complaint – which expressly preserved Osher's right to bring the claims at issue here." Motion at 1:18-21. Plaintiff contends that this document, titled "Consent of Noteowner," and signed by Mr. Osher and the CFO of the Osher Trust, H. Thomas Moffett, substantially complied with the claims presentment requirement. *Id*. Ex. A.[1]

---

[1] Plaintiff's opposition to defendant's motion for summary judgment made no mention of the Consent document. Instead, plaintiff argued that no written claim was required prior to filing this action because (1) his claims were expressly exempted from the pre-filing requirement by Cal. Gov't Code § 905(g), which applies to "claims for principal or interest upon any bonds, notes, warrants, or other evidences of indebtedness," and (2) this case was filed after the City filed its own declaratory relief action against Nuveen, citing *People ex rel. Dep't of Parks & Recreation v. Wes-A-Rama, Inc.*, 35 Cal. App. 3d 786, 794 (1973) (holding that "when the state has filed suit on a contract, the defendant should be permitted to cross-complain for damages on the same contract without complying with the claim statutes.").

Defendant City of Alameda opposes plaintiff's motion on numerous grounds. Defendant argues that plaintiff has not shown that reconsideration is warranted under Civil Local Rule 7-9(b) because Mr. Osher had full knowledge of the Consent document, yet he never asserted a claims presentment argument based on that document in the complaint, discovery responses, or in opposition to summary judgment.

Plaintiff has not shown that any of the grounds for seeking reconsideration are met. A party seeking leave to file a motion for reconsideration "must specifically show" the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b). Plaintiff signed the Consent document in October 2008 and knew of the document at the time plaintiff opposed defendant's summary judgment motion. Plaintiff has provided no explanation for why he has raised a new claims presentment argument for the first time on August 23, 2011, months after the summary judgment order was filed, and only six weeks before the October 4, 2011 trial date. Accordingly, plaintiff has fallen far short of showing "reasonable diligence," and the motion is DENIED.[2]

**IT IS SO ORDERED.**

Dated: August 30, 2011

SUSAN ILLSTON
United States District Judge

---

[2] Furthermore, plaintiff's reliance on the Consent document as satisfying the claims presentment requirement is dubious. By signing the document, plaintiff consented to Alameda's sale of the telecom system, and reserved his rights and claims against, *inter alia*, the City, "including but not limited to the statutory and common law claims of the types or similar in nature to the claims asserted [by Nuveen in its case]." Motion, Ex. A at COAE00392111. Thus, under the Consent of Noteowner, plaintiff simply reserved his right to sue the City. There is no language in the document stating that it satisfied the claims presentment requirement, and it is undisputed that plaintiff did not take any action after signing the Consent document to file a claim with the City.